**KINSEY, Contestor, v. GARVER, Contestee.**

Common Pleas Court, Stark County.

Decided January 6, 1950.

504

Hart & Hart, Canton, for Ralph L. Kinsey, contestor.

Burt, Carson, Lynch & Vogelgesang, Canton, for Edwin H. Garver, contestee.

**OPINION**

By McLAUGHLIN, J.

Contestor and contestee were candidates for the office of Mayor in the Village of Navarre in Stark County, Ohio, at the general election held November 8, 1949. The official count of ballots by the County Board of Elections showed that the Contestor, Kinsey, had received 357 votes, and the Contestee, Garver, 351 votes. On November 14, 1949, the Contestee, Garver, filed his application for a recount of the ballots with the Board of Elections.

The Board of Elections decided to hold the recount in this particular case on November 25, 1949, and since this date was the eleventh day after Contestee's application for a recount had been filed the Board secured from both Kinsey and Garver the following written document:

"The undersigned hereby consents to a recount as requested in letter as of November 18, 1949, which recount shall be held at the office of the Board of Elections of Stark County, Ohio, in the Courthouse at Canton, Ohio, beginning at 9:00 A. M. Friday, November 25, 1949. The undersigned further waives the right to notice by registered mail of the day fixed for this recount which right is given by virtue of §4785-162 GC."

The 24th of November, 1949 was Thanksgiving Day. The recount of ballots by the Board of Elections in this case was commenced and completed on November 25, 1949, and in such recount the result of the election was reversed and the Contestee, Garver, was determined elected by one vote. The

present contest action was commenced by Kinsey by the filing of a petition with the clerk of the Common Pleas Court of Stark County on December 3, 1949. As one of the grounds for contest, Kinsey alleged in his petition that the ballots cast in the Village of Navarre at the general election were illegally recounted by the Board of Elections, Stark County, Ohio for the reason that such recount was conducted at a time later than ten days after the day upon which Contestee, Garver, filed his application for recount. At the trial of this case, it was obvious that if the evidence supported the Contestor as to the foregoing ground of contest set out in his petition, a legal question would be presented which could be decisive of the entire case. The evidence did, in fact, support the Contestor and at the conclusion of the testimony relative to the above ground of contest both parties indicated they had no further evidence to present on that ground. The Contestor moved for a judgment in his favor at this point of the proceedings, and the Contestee moved to strike the foregoing ground of contest from the consideration of the Court. The Court, therefore, was called upon to rule upon both of these motions.

It has been definitely settled in the State of Ohio that an election contest case involves a political and not a judicial matter, and under the **Constitution of Ohio (Section 21, Article II)** the General Assembly has been given the power to determine by law, before what authority, and in what manner the trial of contested elections shall be conducted. **Foraker v. Board of Education, 130 Oh St 243; Mehling v. Morehead, 133 Oh St 395; Williams v. O'Neill, 142 Oh St 467.**

It is equally well established that every step in the statutory recount procedure of this State is mandatory and a failure to comply therewith is jurisdictional. **State, ex rel Fowler v. Board of Elections, 126 Oh St 582; Grossglaus v. Board of Elections, 85 Oh Ap 134,** motion to certify overruled by the Supreme Court.

One of the provisions of present §4785-162 GC, states that "the Board of Elections shall promptly fix the time when and the place at which the recount will be made, which time shall be not later than ten days after the day upon which such application is filed." It is a matter of public concern that the result of any election shall be settled and decided as promptly as possible. For that reason the recount procedure fixed by the legislature purposely gives a short time for taking the various steps required, so that a definite conclusion of all matters in dispute may be reached before a candidate's term of office shall commence. This term usually begins a short

time after the first of January of the next succeeding year.

In the present case it was conceded by all parties that the recount was not commenced by the Board of Elections until the eleventh day following the day upon which Garver filed his application. This being true, the entire recount proceedings was a nullity for the Board of Elections had lost jurisdiction and power to conduct such recount at midnight on the tenth day. The Contestee, Garver, contended in this case that the Contestator had waiver his right to object to the holding of the recount eleven days after the application was filed, by reason of the paper which he signed, set forth in this opinion, and the further fact that he, Kinsey attended the recount. This Court holds however, that no individual party has the power to reinvest a Board of Elections with jurisdiction to conduct a recount, once such jurisdiction has been lost. It has been pointed out that an interest in the public exists in the speedy determination of election results and it would be improper for either of the parties immediately concerned in a particular election to defeat the public's right in this respect. It is a well settled principle of law that no party has power to waive matters that affect third parties, including the public.

It was further claimed by the Contestee in this case that the tenth day following Garver's application for a recount fell on Thanksgiving and for that reason the Board of Elections had jurisdiction and power to hold such recount on the following day. With this contention this Court does not agree. Under §10216 GC covering the matter of computing time in legal matters, it is stated that "unless otherwise specifically provided the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; except that the last shall be excluded **if it be Sunday**." (Emphasis ours.) Thanksgiving is created as a legal holiday for the purpose of the negotiable instruments law **only** by §8301 GC. The courts of this State have consistently held that the various "commercial paper holidays" do not extend the time for doing an act required to be done by the law of this State on a particular day and permit the same to be done on the day following such holiday. **Norman v. State, 109 Oh St 213, King v. Paylor, 69 Oh Ap 193.**

It follows therefore that Contestor's motion for judgment must be sustained and the Contestee's motion to strike the particular ground of contest from the consideration of the Court should be overruled.

Counsel for Contestor may prepare an entry in accordance with this opinion.